**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ADAM C. R. HEISNER,**
  Plaintiff,

          Case No.: **2:26-cv-1270**

v.

**UNITED STATES DEPARTMENT OF**
**EDUCATION,**
  an agency of the United States,
  Defendant.

_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**(Administrative Procedure Act, 5 U.S.C. § 702; Declaratory Judgment, 28 U.S.C. §**
**2201)**

Plaintiff, ADAM C. R. HEISNER ("Plaintiff"), sues Defendants, UNITED STATES

DEPARTMENT OF EDUCATION ("Department" or "ED"), and alleges:

**I. NATURE OF THE ACTION**

1. This is an action for declaratory and injunctive relief arising from Defendants' refusal to refund federal student loan payments that federal law requires to be returned following Plaintiff's approved Total and Permanent Disability ("TPD") discharge.

2. Plaintiff is a veteran whose federal student loans were approved for discharge based on total and permanent disability under applicable federal law and regulations.

3. Under 34 C.F.R. § 685.213 and 34 C.F.R. § 685.102(b), a borrower's Direct Loans are discharged when the borrower is determined to be totally and permanently disabled and satisfies the eligibility requirements for a TPD discharge.

4. The Department of Veterans' Affairs approved Plaintiff's TPD discharge and identified November 23, 2022 as the date on which Plaintiff is treated as having

1

become totally and permanently disabled for discharge purposes ("Disability Effective Date"). See Exhibit A.

5. Federal regulations require the Department, after granting a TPD discharge, to return to the person who made the payments on the loan any payments received after the applicable disability date set by regulation, including 34 C.F.R. § 685.213(b)(4)(iii) and, where applicable, 34 C.F.R. § 685.213(c)(2)(i).

6. Plaintiff made federal student loan payments on or after the Disability Effective Date of approximately $81,517.68 in principal payments, $19,357.27 in interest for a total paid of $100,874.95 after the Disability Effective Date.

7. Despite the mandatory text of the governing regulation(s) and the approved discharge, the Department has not refunded those payments, nor permitted loan servicer Aidvantage to issue or facilitate such refunds.

8. Plaintiff seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to compel compliance with federal law and to obtain a declaration of his rights and Defendants' obligations.

9. Plaintiff has met all condition precedent and exhausted all administrative remedies by filing a Total and Permanent Disability (TPD) Discharge Application on April 2, 2025, April 22, 2025, July 1, 2025, and July 25, 2025 through the Department's Federal Student Aid website and received automated denial letters that same day; by drafting appeals consistent with the instructions in those same denial letters; by calling Federal Student Aid and the Department; by sending a Demand Letter; and by filing a congressional inquiry.

10. Despite Plaintiff's numerous attempts to recover what is lawfully owed, the Department has failed to respond in any meaningful way aside from automated denial letters necessitating this suit.

## II. JURISDICTION, VENUE, AND AUTHORITY

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Higher Education Act, 20 U.S.C. § 1087(a), the APA, 5 U.S.C. §§ 702, 706, and the regulations codified at 34 C.F.R. § 685.213.

12. The United States has waived sovereign immunity for non-monetary relief against federal agencies and officials under 5 U.S.C. § 702.

13. This Court has authority to grant declaratory relief under 28 U.S.C. § 2201 and injunctive relief under 28 U.S.C. § 2202.

14. Venue is proper in this District under 28 U.S.C. § 1391(e) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. PARTIES

15. Plaintiff, ADAM C. R. HEISNER, is an individual veteran residing in Lee County, Florida, within the Fort Myers Division of the Middle District of Florida. At all relevant times, Plaintiff was a federal student loan borrower.

16. Defendant, UNITED STATES DEPARTMENT OF EDUCATION, is an agency of the United States responsible for administering federal student loan programs, including the William D. Ford Federal Direct Loan Program and TPD discharges.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff received federal student loans under Title IV of the Higher Education Act of 1965, including Direct Loans governed by 34 C.F.R. Part 685.

18. On or about April 15, 2025, the Department determined that Plaintiff meets the criteria for a total and permanent disability discharge and identified November 23, 2022 as the Disability Effective Date.

19. Plaintiff's determination qualifies him as totally and permanently disabled for purposes of federal student loan discharge under 34 C.F.R. § 685.102(b) and § 685.213.

20. The Department approved a TPD discharge of Plaintiff's qualifying federal student loans.

21. Before and after the Disability Effective Date, Aidvantage serviced Plaintiff's federal student loans, received and processed payments, and reported loan status information.

22. After the Disability Effective Date, but before the discharge was implemented, Plaintiff made one or more payments toward his federal student loans that were serviced by Aidvantage. The exact dates and amounts of these payments are attached as Exhibit B and C.

23. At least some of Plaintiff's loans were paid in full or substantially paid down through payments made on or after the Disability Effective Date.

24. Federal regulations governing TPD discharges provide that, after a discharge is granted, the Secretary returns to the person who made the payments on the loan any payments received after the applicable disability date set by regulation. See 34 C.F.R. § 685.213(b)(4)(iii) and, where applicable, § 685.213(c)(2)(i).

25. Plaintiff's Disability Effective Date precedes the dates of the payments he made that are at issue in this case.

26. Accordingly, Plaintiff is entitled to a refund of all federal student loan payments received on or after the Disability Effective Date under the governing regulations.

27. Despite the approved TPD discharge and Plaintiff's requests, the Department has not refunded any of the payments it or its servicers received from Plaintiff on or after the Disability Effective Date.

28. Aidvantage has likewise refused to issue or facilitate refunds of these payments and has informed Plaintiff that no refund will be provided, even though the loans were discharged based on Plaintiff's established total and permanent disability as the Department of Education refuses to authorize the refund.

29. Plaintiff has made diligent efforts and communicated with both the Department and Aidvantage regarding the refund owed under the governing regulations, but Defendants have continued to refuse to provide the refund required by federal law.

30. As a result of Defendants' refusal to comply with the governing regulations, Plaintiff has been deprived of funds to which he is legally entitled and has suffered financial harm in an amount equal to the payments received on or after the Disability Effective Date.

31. There exists an actual, present controversy between Plaintiff and Defendants regarding Plaintiff's entitlement to a refund and Defendants' obligations under federal law.

### V. CAUSES OF ACTION

**COUNT I – UNLAWFUL WITHHOLDING OF AGENCY ACTION**
**(5 U.S.C. § 706(1)) AGAINST DEFENDANT UNITED STATES DEPARTMENT OF**
**EDUCATION**

32. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

33.  The APA, 5 U.S.C. § 706(1), authorizes a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."

34.  Under 34 C.F.R. § 685.213(b)(4)(iii) and, where applicable, § 685.213(c)(2)(i), once a TPD discharge is granted, the Department has a mandatory duty to return to the person who made the payments on the loan any payments received after the applicable disability date set by regulation.

35.  The Department of Veteran's Affairs approved Plaintiff's TPD discharge and established the Disability Effective Date applicable to Plaintiff's discharge.

36.  The Department received payments from Plaintiff, either directly or via its servicer Aidvantage, on or after the Disability Effective Date.

37.  The Department has not returned to Plaintiff any of the payments received on or after the Disability Effective Date.

38.  The Department's failure to refund these payments constitutes agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1).

39.  As a direct and proximate result of the Department's failure to act, Plaintiff has suffered financial harm in the amount of the payments that should have been refunded.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor on Count I and:

   a.  Order the Department to identify all payments received on Plaintiff's federal student loans on or after the Disability Effective Date;

   b.  Order the Department to return to Plaintiff all such payments in accordance with the governing regulation(s), including 34 C.F.R. § 685.213(b)(4)(iii) and, where applicable, § 685.213(c)(2)(i);

   c.  Enjoin the Department from refusing to provide such refunds in Plaintiff's case; and

6

d.  Grant such other and further relief as the Court deems just and proper.

## COUNT II – AGENCY ACTION NOT IN ACCORDANCE WITH LAW AND ARBITRARY AND CAPRICIOUS ACTION (5 U.S.C. § 706(2)(A), (C)) AGAINST DEFENDANT UNITED STATES DEPARTMENT OF EDUCATION

40.  Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

41.  The Higher Education Act, 20 U.S.C. § 1087(a), authorizes the discharge of certain federal student loans when a borrower is totally and permanently disabled. The Department has implemented this authority through regulations, including 34 C.F.R. § 685.213.

42.  The governing regulation(s) require the return of payments received after the applicable disability date set by regulation once a TPD discharge is granted. See 34 C.F.R. § 685.213(b)(4)(iii) and, where applicable, § 685.213(c)(2)(i).

43.  By refusing to return to Plaintiff the payments received on or after the Disability Effective Date, the Department has acted in a manner that is contrary to the plain text of its own regulation(s) and in excess of its lawful authority.

44.  The Department's refusal to comply with the governing regulation(s) in Plaintiff's case is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A), and in excess of statutory and regulatory authority within the meaning of 5 U.S.C. § 706(2)(C).

45.  As a result, Plaintiff has been deprived of the refund to which he is entitled under federal law and has suffered financial harm.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor on Count II and:

a. Declare that the Department's refusal or failure to return Plaintiff's payments received on or after the Disability Effective Date is unlawful;

b. Set aside the Department's actions or inactions to the extent they deny or withhold such refunds;

c. Order the Department to comply with the governing regulation(s) and return all payments received on or after the Disability Effective Date; and

d. Grant such other and further relief as the Court deems just and proper.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that the United States Department of Education is required under the governing regulation(s), including 34 C.F.R. § 685.213(b)(4)(iii) and, where applicable, § 685.213(c)(2)(i), to return to Plaintiff any payments received on his federal student loans on or after the Disability Effective Date;

b. award Plaintiff his fee's and costs;

c. and any other relief that the Court deems just and proper

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 20, 2026

Respectfully submitted,

 /s/ Adam C.R. Heisner
ADAM C. R. HEISNER, Esq.
Fla. Bar No. 124727
Plaintiff, Pro Se
8737 Chatham Street
Fort Myers, FL 33907
(239) 299-7246
adam.heisner@gmail.com